IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02522-EWN-MEH

RAYMOND DEAN GOODLOE,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
OFF. MICHAEL AHRENS #00023,
OFF. ADAM BECHTHOLD #01026,
OFF. JORGE HERNANDEZ #00067,
OFF. DEAN ABEYTA #10179, and
SGT. RUSSELL BOTHWELL #94015,

      Defendants.

---

## ORDER DENYING MOTION TO DEPOSE ADVERSE WITNESS

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Depose Adverse Witness, in Custody, Molly Ann

Claude pursuant to Federal Rules of Civil Procedure, Rule 31(a)(1)-(4)(c), by Written Questions

("Motion to Depose Adverse Witness").  Ms. Claude is currently an inmate at the Denver Women's

Correctional Facility.

As correctly stated by the Defendants in their response to this motion:

The Rules of Federal Civil Procedure specify that a party must obtain leave of court
to examine a person confined in prison [F.R.C.P. 31(2)] and that depositions upon
written questions shall proceed as provided by F.R.C.P. 30(c), (e), and (f).  F.R.C.P.
31(b).  F.R.C.P. 30(c) indicate [sic] that testimony "shall be taken stenographically
or recorded by any other method authorized by subdivision (b)(2) of this Rule."
F.R.C.P. Rule 30(b)(2) states that "unless the court orders otherwise, it may be
recorded by sound, sound-and-visual, or stenographic means."

Plaintiff has failed to state in his notice (Docket #84) the means by which the testimony in this regard is to be recorded. Additionally, the Plaintiff has failed to present to the Court how he intends to bear this cost in this regard. The Plaintiff has been allowed to proceed in this matter *in forma pauperis*, but that status does not require payment of deposition costs by the Court or by the Defendants.

Finally, in this instance, the Court finds that the use of a deposition by written questions in this instance would not be appropriate. As succinctly stated by another district court:

> [T]he interrogatory format does not permit the probing follow-up questions necessary in all but the simplest litigation[, and] without oral deposition, counsel are unable to observe the demeanor of the witness and evaluate [her] credibility in anticipation of trial . . . [and] written questions provide the opportunity for counsel to assist the witness in providing answers so carefully tailored that they are likely to generate additional discovery disputes.

*Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) (citations omitted).

Based on the foregoing, and the entire record here, the Motion to Depose Adverse Witness [Filed October 23, 2006; Docket #83] is **denied.**

Dated at Denver, Colorado, this 1st day of November, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge