IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02522-EWN-MEH

RAYMOND DEAN GOODLOE,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
OFF. MICHAEL AHRENS #00023,
OFF. ADAM BECHTHOLD #01026,
OFF. JORGE HERNANDEZ #00067,
OFF. DEAN ABEYTA #10179, and
SGT. RUSSELL BOTHWELL #94015,

      Defendants.

---

## RECOMMENDATION ON MOTION FOR JOINDER OF PARTIES

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion for Joinder of Parties. This matter has been referred to me under the provisions of 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1 for the purposes contained therein. Defendants have filed a response in this regard, and oral argument would not assist the Court in the resolution of this matter. Based upon the pleadings on file, and the entire record herein, it is hereby recommended that the Plaintiff's motion be **denied.**

      Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider

frivolous, conclusive or general objections.   A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.   *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).   Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.   *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

In his Amended Complaint filed *pro se* on January 5, 2006 (Docket #9), the Plaintiff designates four claims against the above-named Defendants: (1) assault, (2) battery, (3) false information/perjury, and (4) abuse of government process/false arrest.   Plaintiff contends that on November 22, 2003, after the vehicle in which he was a passenger was stopped by Denver police officers without probable cause, he exited the vehicle, lay down on the ground as directed, and was assaulted by the Defendants Denver police officers Michael Ahrens, Adam Bechthold, Jorge Hernandez, and Dean Abeyta, while the Defendant Sergeant Russell Bothwell watched.   He further alleges he received severe injuries, for which he required hospitalization.   He also alleges that he was subjected to a suggestive one-on-one identification procedure, apparently at the police station.   As relief, he asks for damages.

In his current motion before the Court, the Plaintiff seeks to join an unknown number of additional defendants into this lawsuit, under allegations that medical treatment was delayed when

he was taken to the emergency room following the incident described in his Amended Complaint. The defendants the Plaintiff seeks to add are all medical personnel and hospital security. Plaintiff indicates that at this time, he is aware of only two of the attendants in the ambulance on the night in question, who he can specifically name as defendants. The remaining individuals he intends to name would have to be found through the discovery process.

The Defendants oppose the Plaintiff's motion, arguing that the request is untimely and that the defendants the Plaintiff seeks to "join" have no connection to the existing claims, but are actually being joined to bring at least one new claim. The Defendants' position is that any such attempt is futile because the Plaintiff cannot state a claim for medical indifference upon which relief could be granted in this regard and that the addition of these defendants would be untimely and prejudicial.

Because applicant is proceeding without counsel, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## DISCUSSION

Plaintiff indicates his motion relies on Fed.R.Civ.P. 8(b), but that particular rule governs general pleading of defenses. It would appear that the Plaintiff has confused Fed.R.Civ.P. 8(b) with Fed.R.Crim.P. 8(b) which governs joinder of defendants in criminal cases. Rule 21 of the Federal Rules of Civil Procedure states, in pertinent part,"[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This rule relates to misjoinder, or non-joinder, of a necessary party. *See* 7 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1683 (2001). However, Rule 19, not Rule 21, governs the determination of who is a necessary party. *Id.* Rule 19 states that "[a] person . . .

shall be joined as a party in the action if . . . in the person's absence complete relief cannot be accorded among those already parties." FED.R.CIV.P. 19(a).  Plaintiff seeks to add an unknown number of new defendants to this lawsuit, but does not seek to add them as parties to the claims set forth in his Amended Complaint.  Instead, Plaintiff seeks to add them as defendants under medical indifference claims not contained within the Amended Complaint.  Plaintiff has failed to demonstrate that if the new defendants are not added to this lawsuit, he will be unable to obtain complete relief on his existing claims.  Accordingly, the provisions of Rule 21 are not an appropriate avenue under which to try and add these defendants as parties to this action.

Rule 20(a) Fed.R.Civ.P. provides for joinder of persons as parties to an action.  Joinder under this Rule is permissible if the claims arise from the same transaction or occurrence, and share a common question of law or fact. Plaintiff's proposed claims against the proposed new defendants do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as the claims against the originally named defendants.  The events alleged by the Plaintiff in his motion for joinder may have occurred on the same date, but are distinctly different transactions or occurrences in time and place, and involve different people.  The questions of law and fact against the new defendants and the original defendants will not be common.  Therefore, the provisions of Rule 20 are not applicable in this situation.  Accordingly, there appears to be no authority for joinder of these proposed defendants into this lawsuit.

Construing the Plaintiff's *pro se* motion as a request to again amend his Complaint to add new defendants and claims, the request also fails.  Plaintiff previously amended his complaint as a matter of course under Fed.R.Civ.P. 15(a), by the filing of his Amended Complaint in January 5, 2006.  Accordingly, Plaintiff must seek leave of Court or consent of the Defendants to further amend his

pleadings.  *See* Fed.R.Civ.P. 15(a).  Defendants have not given consent in this regard, and therefore,

leave of court would be necessary for such an amendment to be properly filed.

Leave to amend "shall be freely given when justice so requires."  FED.R.CIV.P. 15(a).

Though courts are expected to heed this mandate, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the

matter is still committed to the court's sound discretion, *Federal Ins. Co. v. Gates Learjet Corp.*, 823

F.2d 383, 387 (10th Cir. 1987).

> 'Liberality in amendment is important to assure a party a fair opportunity to present
> his claims and defenses,' but 'equal attention should be given to the proposition that
> there must be an end finally to a particular litigation.'

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v.*

*Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) (citation omitted)).

> Refusing leave to amend is generally only justified upon a showing of undue delay,
> undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure
> deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, courts may deny leave for untimeliness or undue delay without a showing

of prejudice to the opposing party.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th

Cir. 1991).  Courts evaluate the reasons for the delay and assess whether they amount to excusable

neglect.  *Gates Learjet Corp.*, 823 F.2d at 387.  Untimeliness is sufficient cause for denying leave,

especially when the movant offers no adequate explanation for the delay.  *Frank*, 3 F.3d at 1365-66.

Courts may deny leave if the movant "'knows or should have known of the facts upon which the

proposed amendment is based but fails to include them in the original complaint.'"  *Pallottino v. City*

*of Rio Rancho*, 31 F.3d at 1027 (quoting *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2d

405, 416 (10th Cir. 1984) (citations omitted)).

As indicated by the Defendants in their response to this motion, and evidenced by the deposition transcript attached to their response, the Plaintiff testified in his deposition that he had all of his hospital records during the defense of his criminal case, which would provide him with knowledge or reason to know of the injury which is the basis of the proposed claims even though the Plaintiff may not have been able to specifically name all the actors involved. His original pleadings in this action were filed in November/December of 2005, with no mention of potential claims for medical indifference being set forth therein. Additionally, this matter has significantly progressed through the pretrial case management stage, with the close of discovery just a few weeks away following the previous granting of three extensions of time. Allowing amendment of the pleadings as proposed in the Plaintiff's motion would essentially mean starting this case over in terms of a case management plan.

Based on the record before the court, I find that construing the Plaintiff's motion as a request to amend his pleadings and granting leave to the Plaintiff to amend his Complaint a second time would be untimely, that Plaintiff did not diligently pursue the basis of such amendments, and that the facts behind such amendments would have been known to the Plaintiff at the initiation of this action. Finally, Plaintiff has proceeded in this court on one set of facts instead of any other facts of which the Plaintiff would have known, amounting to a choice made by the Plaintiff, not excusable neglect. Accordingly, refusing the Plaintiff an opportunity to further amend his Amended Complaint to add new claims and defendants would be justified.

## <u>CONCLUSION</u>

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that Plaintiff's Motion for Joinder of Parties [<u>Filed October 23, 2006; Docket #85</u>] be **denied**.

Dated at Denver, Colorado, this 1st day of November, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge