**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-02522-EWN-MEH

RAYMOND DEAN GOODLOE,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT
OFF. MICHAEL AHRENS #00023,
OFF. ADAM BECHTHOLD #01026,
OFF. JORGE HERNANDEZ #00067,
OFF. DEAN ABEYTA #10179, and
SGT. RUSSELL BOTHWELL #94015,

      Defendants.

---

**PROTECTIVE ORDER**

---

The Court Orders that the following Protective Order shall be in effect in this matter

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of any

and all information provided by the Defendants to the Plaintiff, Mr. Goodloe, in response to Mr.

Goodloe's "discovery requests" and Mr. Goodloe's medical records obtained by the Defendants.

      1.      In this action, Mr. Goodloe has sought and/or is seeking "discovery" including,

but not limited to, police records, Defendants' employment and personnel files, his own medical

records, and information relied on by Defendants' expert witness (hereafter "discovery

information"). Counsel for the Defendants have obtained and will obtain, Mr. Goodloe's

medical records. The Parties have asserted that the disclosure of such information outside the

scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  Counsel for the Defendants stipulate to the entry of this Protective Order and Magistrate Judge Hegarty ordered that Mr. Goodloe shall be bound by the terms of this Protective Order for the purpose of preventing the disclosure and use of the above referenced "discovery information" except as set forth herein.

2.      All of the "discovery information" provided by the Defendants to Mr. Goodloe and Mr. Goodloe's medical records shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to any third person except for counsel's staff, any expert retained by either party (for whom this protective order will then apply) and employees or agents of the State of Colorado's Department of Corrections (DOC) who as part of their job duties are required to review and clear mail sent to prisoners confined within the DOC system.

3.      Individuals authorized to review the "discovery information" pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold all of the "discovery information" in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

4.      No copies of any of the "discovery information" shall be made except by or on behalf of counsel in this litigation or Mr. Goodloe for work product purposes, including for review by experts in this case.  Any such copies shall be made and used solely for purposes of this litigation.

5.      The termination of this action shall not relieve counsel, Mr. Goodloe, or other persons obligated hereunder from their responsibility to maintain the confidentiality of the contents or the existence of the "discovery information" pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

6.      The Parties adopt no position as to the authenticity or admissibility of documents produced subject to this Protective Order.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

7.      Upon termination of this litigation, including any appeals, Mr. Goodloe shall immediately return to the producing party all of the "discovery information," including any copies, and counsel for the Defendants shall destroy Mr. Goodloe's medical records.

8.      Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which the "discovery information" shall be treated at trial.

      9.    This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

      DATED this 28th day of November, 2006.

**BY THE COURT:**

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By  s/ Douglas Jewell
L. Douglas Jewell
Bruno, Colin, Jewell & Lowe, PC
1560 Broadway, Suite 1099
Denver, CO  80202
(303) 831-1099
*Attorney for Defendants* Michael Ahrens, Adam Bechthold,
Jorge Hernandez, Dean Abeyta, and Sgt. Russell Bothwell

By s/ John Eckhardt
John Eckhardt
Denver City Attorney's Office
Civil Litigation Practice Group
201 W. Colfax Ave., Dept. 1108
Denver, CO  80202
(720) 913-3100
*Attorney for Defendants*