IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02522-EWN-MEH

RAYMOND DEAN GOODLOE,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
OFF. MICHAEL AHRENS #00023,
OFF. ADAM BECHTHOLD #01026,
OFF. JORGE HERNANDEZ #00067,
OFF. DEAN ABEYTA #10179, and
SGT. RUSSELL BOTHWELL #94015,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's motion requesting that the Defendants provide him with a copy of his deposition transcript (Docket #117). Federal courts have held that even an indigent, imprisoned litigant must bear his own costs of litigation. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (no statutory authority for payment of costs of deposition transcript for indigent). Imposing a financial burden on one party just because the opposing party is indigent or lacks funds with which to pay is fundamentally unfair. *See Rivera v. DiSabato*, 962 F.Supp. 38, 40 (D.N.J. 1997) (court cannot compel opposing party to provide deposition transcript to indigent defendant; "plaintiff's obligation, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants"). As demonstrated by the Defendants, the facts in this case mirror that of

the deposition transcript request made in *Riviera*, a case in which the court denied the request. The information from the deposition is within the Plaintiff's personal knowledge and Plaintiff could have maintained notes during the deposition.

Additionally, the Court is aware that the standard practice of the industry is that copies of deposition transcripts may only be obtained through the court reporter who transcribed the deposition. This practice ensures that the court reporter is compensated for their work. Plaintiff, as the individual seeking the transcript copies, has not demonstrated that the situation with regard to his deposition differs from the standard practice. Accordingly, it would be improper for the Court to require the Defendants to provide the Plaintiff with a copy of the deposition transcript. Plaintiff should contact the court reporter to make arrangements, financial and otherwise, for receipt of a copy of the transcript.

Based on the foregoing, and the entire record here, the Motion for Court Order to Compel Defendants Attorneys (sic) to Provide Additional Documentation Not Included in Discovery, i.e., Plaintiffs (sic) Deposition Transcript [Filed February 2, 2007; Docket #117] is **denied.**

Dated at Denver, Colorado, this 12th day of February, 2007.

                                      BY THE COURT:

                                      s/ Michael E. Hegarty
                                      Michael E. Hegarty
                                      United States Magistrate Judge