IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02522-EWN-MEH

RAYMOND DEAN GOODLOE,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
OFF. MICHAEL AHRENS #00023,
OFF. ADAM BECHTHOLD #01026,
OFF. JORGE HERNANDEZ #00067,
OFF. DEAN ABEYTA #10179, and
SGT. RUSSELL BOTHWELL #94015,

     Defendants.

---

## RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

Defendants have filed a Motion for Summary Judgment (Docket #113), and it has been referred to this Court (Docket #114). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion for Summary Judgment be **granted in part** and **denied in part**.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS

Although Defendants' statement of facts is extensive, the Court finds the following facts as relevant for purposes of summary judgment.  After receiving an emergency call concerning an armed robbery in a home, police responded to the residence and, upon arrival, saw some persons at the home pointing to a gold car that was pulling out of the driveway and fleeing the scene.  One officer remained at the scene, while officers Bechthold and Ahrens followed the fleeing vehicle.  These officers were radioed confirmation that the occupants of the fleeing vehicle had robbed a resident of the home at gunpoint.  After the police cars' sirens and lights failed to stop the fleeing vehicle (with Officer Abeyta joining the pursuit in progress), and the vehicle drove dangerously through red traffic lights, the officers requested and received permission to use a maneuver to essentially ram the fleeing vehicle from behind in order to stop it.  The maneuver was successful, ending the pursuit.  Plaintiff was a passenger in the fleeing vehicle, in which there were two loaded handguns within reach of the driver and passenger.  A victim of the crime was brought to the scene of the stop, to identify the perpetrators.  Plaintiff was arrested.  He contends that he was kicked and otherwise assaulted by the officers at the scene, resulting in a ruptured spleen.  The officers contend that the injury was caused

by the force of the cars striking one another.  Records from his emergency medical treatment at

Denver Health Medical Center indicate an injury from a motor vehicle accident, with no recorded

statement by Plaintiff that he was assaulted.  The medical records also indicate a negative response

to the question, "Have you been hit, kicked, punched, or otherwise hurt by someone within the past

year?"  The records also indicate that Plaintiff was combative and uncooperative with medical

personnel.

Plaintiff pleaded guilty to robbery.  He stipulated to the factual basis for the charge.  At his

sentencing, his attorney stated: "Mr. Goodloe had no control over [the driver speeding away from

the scene of the robbery] and wound up much the worse because of it.  He sustained very serious

injuries, was hospitalized for an extended period of time as a result of the police ramming the car to

stop it essentially."  This statement was made as part of his counsel's attempt to lessen the sentence.

Plaintiff filed his Amended Complaint on January 5, 2006.  He asserts four claims: Assault,

Battery, False Information/Perjury, and Abuse of Government Process/False Arrest.[1]

## DISCUSSION

## I.    Standard of Review

### A.    Summary Judgment

Summary judgment serves the purpose of testing whether a trial is required.  *Heideman v.*

*South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary

---

[1]Defendants briefed, and Plaintiff responded to, additional claims that are not part of
Plaintiff's Amended Complaint (suggestive identification procedure, failure to train, failure to
supervise).  These claims are not pleaded and will not be considered by the Court.  *Mink v.*
*Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (an amended complaint supercedes an original
complaint and renders the original complaint without legal effect).  In the Amended Complaint,
Plaintiff does not make a single factual or legal allegation against either the City and County of
Denver, or the Denver Police Department.

judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

4

B.    *Pro Se* Standard

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

C.    Qualified Immunity

The individual Defendants argue that they are entitled to qualified immunity on all of Plaintiff's claims.    Qualified immunity protects government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> In evaluating a claim for qualified immunity, the court must first determine whether, considered in the light most favorable to the plaintiff, the facts alleged state the violation of a [statutory or] constitutional right. . . . If so, the court must go on to determine whether the [statutory or] constitutional right was clearly established at the time of injury. . . . If the answer to either of these questions is no, the defendant is entitled to qualified immunity.

*People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).  Thus, Plaintiff must first establish a violation of a

constitutional right before this Court must determine whether that right was clearly established at the time of violation.

## II.    Discussion

### A.    Fourth Amendment Excessive Force Claim - Assault & Battery, Claims 1 & 2

Plaintiff contends that he was assaulted while on the ground, under arrest and not resisting, by police officers. He says that he was kicked with sufficient force to result in a ruptured spleen. The Court believes that the Amended Complaint alleges a violation of a constitutional right. Defendants claim that his injuries are a result of the motor vehicle accident between the police cars and his vehicle, and that he is lying about the assault. Normally, this would present a classic jury question, but the Defendants contend that summary judgment is appropriate for several reasons.

First, Defendants rely on an "absolute dearth"[2] of evidence. Defendants claim that on Plaintiff's side of the ledger is the bare fact of his injury, a ruptured spleen, and, of course, his allegations in this lawsuit. On their side are declarations from all officers involved stating that no assault occurred; medical records ascribing the injury to a motor vehicle accident; an injury that is in fact consistent with a motor vehicle accident; Plaintiff's counsel's statement made at his sentencing, ascribing the injuries to the accident (in response to which Plaintiff remained silent); his admissions to the medical care providers that no one had injured him in the past year; a forensic pathologist's statement that the injury is "consistent with having been received during [the accident]" (in response to the question, "Is it possible that Mr. Goodloe received his injuries as a result of the PIT maneuver

_____

[2] An "absolute dearth" seems a contradiction, since "dearth" is defined, in *Webster's Revised Unabridged Dictionary (1913)*, as "scarcity which renders dear . . . ." It is defined elsewhere as a shortage or an insufficient quantity.

employed to stop his car?"); and a statement by the driver of the fleeing vehicle to the effect that she did not observe a "scuffle or fight" between Plaintiff and the police officers.

Essentially, Defendants seem to acknowledge that although Plaintiff's allegations establish an issue of fact, they do not suffice to create a *genuine* issue of fact justifying denial of their motion for summary judgment on the excessive force claim.  Under Supreme Court authority, at the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.  Fed. R. Civ. P. 56(c).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).[3]

The *Scott v. Harris* case concerned a police chase.  The issue in the case was whether the fleeing car was racing and driving dangerously.  The Ninth Circuit found that summary judgment should be denied based on a material factual issue.  However, the record included video footage

---

[3]  "[W]hen the facts alleged are so contradictory that doubt is cast upon their plausibility, [the court may] pierce the veil of the complaint's factual allegations . . . and dismiss the claim."  *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2nd Cir. 2005).

which a majority on the Supreme Court believed established that the cars were racing and driving very dangerously, thus constituting objective evidence directly contradicting the nonmovant's version of the facts.

The Court does not believe that the record here rises to the level of *Scott v. Harris*. Plaintiff vehemently asserts that his injury was a result of an unconstitutional assault by police, and the record contains no evidence that *Plaintiff himself* has ever made a contrary statement (the statement made by counsel will be addressed below). The officers' declarations understandably dispute Plaintiff's version; the medical records ascribing the injury to a motor vehicle accident are, from all indications, based on reporting by law enforcement and not by Plaintiff (the records indicate he was uncooperative and combative); the fact that the injury is *consistent with* a motor vehicle accident (recognized both by medical care providers and the forensic pathologist) does not make it inconsistent with a kick to the body, and the record contains *no* evidence that it is inconsistent with such an event (and, indeed, Plaintiff argues with some persuasiveness that the absence of damage to the vehicles belies a sufficiently serious impact to cause his injury); Plaintiff's admissions to the medical care providers that no one had injured him in the past year can be viewed as logically consistent with his explanation (that he did not view the question as asking for something that occurred in the past *minutes* as opposed to a request for historical information); and the statement by the driver of the fleeing vehicle only indicates her failure to observe any assault, not an affirmative statement that such assault did not occur.

In the essential part, this Court believes that Plaintiff's consistent allegation of an assault is not so overwhelmed by the evidence provided by Defendants as to nullify a genuine issue of material fact. However, what does give the Court significant pause is Plaintiff's criminal defense lawyer's

statement about the injuries being caused by a motor vehicle accident.  The Court is very concerned about the Plaintiff using such an argument when it may permit him to receive a lighter criminal sentence, then later changing his story when it suits a constitutional tort lawsuit.

Second, Defendants rely on the statement made by Plaintiff's defense counsel during criminal sentencing, to argue that Plaintiff may not now change his story.  While it is an accepted point of law that a plaintiff may defeat a summary judgment granted to a defendant if the parties' sworn statements are materially different, *Arrington v. United States*, 473 F.3d 329, 337 (D.C. Cir. 2006), there are also many cases holding that a plaintiff may not defeat summary judgment by submitting an affidavit that contradicts prior sworn testimony.  *E.g., Bohn v. Park City Group, Inc.*, 94 F.3d 1457, 1463 (10th Cir. 1996) ("Defendants correctly point out, however, that plaintiff's affidavit contradicts his deposition testimony . . ., and thus the affidavit should not be considered."); *Stanfield v. Osborne Indus., Inc.*, 52 F.3d 867, 872 (10th Cir. 1995) ("We agree with the district court that plaintiff cannot create a genuine issue of material fact by contradicting his earlier statement."); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 759 (7th Cir. 2006) ("A plaintiff cannot, however, create an issue of material fact by submitting an affidavit that contradicts an earlier deposition.").     Yet some of these same courts, the Tenth Circuit included, have issued opinions directly to the contrary.  *E.g., Marquez v. Baker Process, Inc.*, 42 Fed. Appx. 272, 278, 2002 WL 1425201, **5 (10th Cir. 2002) ("The Plaintiff's own testimony may, by showing a genuine question of fact as to a material issue, be sufficient to survive summary judgment. *See Selenke v. Medical Imaging of Colorado,* 248 F.3d 1249, 1257-59 (10th Cir. 2001) (even where plaintiff's affidavit allegedly was contradictory to her previous deposition testimony, court was unwilling to say that the affidavit was insufficient to preclude summary judgment on the point in question; summary judgment for defendant employer

9

affirmed on other grounds)"). The *Marquez* court stated, "Clearly implicit in *Selenke* and other cases

. . . is the principle that a party's testimony by itself *may* be sufficient to preclude summary judgment,

*even when the party has also given contradictory testimony.*") (emphasis in original). 42 Fed. Appx.

at 278 n.3. Thus, Plaintiff or his representative having taken contradictory positions does not, *per

se*, support summary judgment.

Further, the Court has doubts on the impact of Plaintiff's criminal defense lawyer's statements

during a sentencing. "If there is a plausible explanation for discrepancies in a party's testimony, the

court considering a summary judgment motion should not disregard the later testimony because of

an earlier account that was ambiguous, confusing, or simply incomplete." *Langman Fabrics v. Graff

Californiawear, Inc.,* 160 F.3d 106, 112 (2nd Cir. 1998).  Here, Plaintiff's silence during a criminal

sentencing, while his attorney is addressing the Court, is not such a clear indication that he agrees

with what his counsel is saying, that this Court can conclude that Plaintiff adopted the position taken

by his attorney.  There could be several reasons for Plaintiff to remain silent, such as a fear of causing

a bad impression on the sentencing judge, the issue of the genesis of the injury being quite collateral

to the factors that are determinative during a sentencing, and so forth.  Moreover, there are other

potential concerns in any holding that a criminal defense lawyer's statements made in various court

proceedings are, in all circumstances, binding on the defendant.  The discussion in a recent Fourth

Circuit case is enlightening:

> The question in this case is whether the statement of Britt's lawyer that all objections
> had been "resolved" can nevertheless be construed as an admission.  We have
> recognized that in assessing whether a defendant has made an admission for *Booker*
> purposes, "verbalizations necessarily fall along a spectrum." *United States v. Revels,*
> 455 F.3d 448, 450 (4th Cir. 2006).  At one end of the spectrum, and constitutionally
> insufficient to deem a fact admitted, is silence. *Id.*  At the other end, and clearly
> constituting an admission, are statements such as "I admit." *Id.*  In *Revels* we held

10

that the defendant's statement that he had no objections to the contents of the PSR was not an admission for Sixth Amendment purposes. *Id.* at 451. While the defense counsel's statement here that no objections to the PSR would be raised because they had previously been "resolved" falls closer to the middle of the silence-to-admission spectrum, we conclude that it is still on the silence side of the spectrum. For Sixth Amendment purposes, there is no material difference between a defendant's statement that he has no objections to the PSR, as in *Revels*, and the statement here that unspecified objections to the PSR have been resolved. Both situations would require a court to draw the inference of admission in order to deem the PSR's enhancement facts to be admitted by the defendant. Because the drawing of such an inference by the court relieves the government of its constitutionally assigned burden of proving beyond a reasonable doubt all facts that mandate an increase in the maximum sentence, *see Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we conclude that Britt's Sixth Amendment rights were violated.

*United States v. Britt*, 2007 WL 493473, *4 (4th Cir. 2007). Here, Defendants rely on Plaintiff's silence in the face of his lawyer's statements during sentencing.

Certainly, under Fed. R. Evid. 801(d)(2)(D), a statement is admissible against a party if it is made "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Plaintiff's criminal counsel's statement appears to meet these criteria. *See United States v. Brandon,* 50 F.3d 464, 468 (7th Cir. 1995) ("an attorney may be the agent of his client for purposes of Rule 801(d)(2)(D) so long as the important policies concerning effective assistance of the counsel . . . are preserved."); *United States v. McKeon,* 738 F.2d 26, 30 (2nd Cir. 1984) ("[S]tatements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney."). Although potentially admissible, the issue is whether the statements are sufficient to actual mandate summary judgment in Defendants' favor.

The Court believes that under these circumstances, Plaintiff's defense counsel's statements are not sufficient to justify summary judgment. *Cf. Sabotka v. Sauter*, 1993 WL 361926, *2 (4th Cir.

1993) ("Sabotka urges us to find that certain statements made by defense counsel during closing argument constituted an admission that Sabotka sustained damages in excess of the stipulated amount. Other courts have held that such statements made in closing argument are not binding admissions, and we agree.") (citations omitted); *United States v. Valencia*, 826 F.2d 169, 172-73 (2nd Cir. 1987) ("[C]are must be exercised in the criminal context in determining under what circumstances attorney statements may be used against a client, and we decline[] "to subject such statements to the more expansive practices sometimes permitted under the rule allowing use of admissions by a party-opponent.") (citations omitted).

Therefore, as here, in the face of a claim of qualified immunity, once a plaintiff has set forth sufficient facts to allege a constitutional violation, the plaintiff must also establish that the constitutional right alleged to have been violated was clearly established at the time of the alleged violation. *People for the Ethical Treatment of Animals*, 298 F.3d at 1207. In this case, a victim's right to be free from excessive force by law enforcement officers is a clearly established right. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1314 (10th Cir. 2002). The Tenth Circuit "will not approve summary judgment in excessive force cases-based on qualified immunity or otherwise-if the moving party has not quieted all disputed issues of material fact." *Id.* at 1304. If true, Plaintiff's claim would be a clear violation of his constitutional rights, which any reasonable law enforcement officer should have known. *E.g., Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988).

For the foregoing reasons, the Court believes that there is a genuine, material fact issue precluding summary judgment on Plaintiff's excessive force claim (Claims 1 and 2 of the Amended Prisoner Complaint) and recommends that summary judgment on this claim be denied. It is clear from the officers' affidavits that two of them participated in the arrest of Plaintiff, officers Bechthold and

Hernandez, thus, this claim should run against those two individuals.  Plaintiff does not dispute, with admissible evidence, the affidavit of Defendant Bothwell, who stated that he arrived at the scene after the arrest.  Thus, Plaintiff cannot maintain a claim against him.  As for Defendants Abeyta and Ahrens, they were on the scene at the time of the alleged use of excessive force.  It is clearly established that a law enforcement officer who fails to intervene to prevent another law enforcement officer's use of excessive force may be liable to the victim.  *United States v. Serrata*, 425 F.3d 886, 896 (10th Cir. 2005); *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996).  Thus, summary judgment is not appropriate against these latter two Defendants either.

B.   Fourth Amendment False Arrest

In Claim Four, Plaintiff alleges false arrest.  The Court agrees with Defendants that in light of eye witness identification of Plaintiff and his subsequent conviction pursuant to a guilty plea, as well as the admitted facts noted above, he cannot maintain a false arrest claim.  *Burden v. Wood*, 200 Fed. Appx. 806, 807, 2006 WL 2949141, *1 (10th Cir. Oct. 17, 2006) (false arrest claim, in light of a conviction that has not been overturned on direct appeal or otherwise rendered invalid, cannot be maintained in light of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see Gouskos v. Griffith*, 122 Fed. Appx. 965, 972, 2005 WL 375858, *6 (10th Cir.  2005) ("Likewise, if the false-arrest plaintiff is convicted in the criminal trial for the acts for which he was arrested, probable cause for his arrest is conclusively established and precludes a subsequent civil action for false arrest.").

C.   Suggestive Identification Procedure

Also in Claim Four, Plaintiff includes an allegation that he was subjected to "an extremely suggestive one-on-one show up identification procedure.  "Criminal suspects have a constitutional right to be free from identification procedures 'so unnecessarily suggestive and conducive to

irreparable mistaken identification' that the identification's use violates due process of law." *Gregory v. City of Louisville*, 444 F.3d 725, 746 (6th Cir. 2006) (quoting *Stoval v. Denno*, 388 U.S. 293, 302 (1967)). One-on-one show-ups are inherently suggestive. *Id.* at 755. "Courts have recognized allegations of suggestive identification procedures as constitutional tort claims." *Johnson v. Rollins*, No. 04cv967, 2006 WL 2546807, *6 (E.D. Mo. Aug. 31, 2006) (citing cases). However, the Plaintiff must also demonstrate that the impermissibly suggestive identification procedure deprived him of the right to a fair trial. *Wray v. Johnson*, 202 F.3d 515, 524 (2nd Cir. 2000); *United States v. Salazar*, 434 F.3d 852, 856 (10th Cir. 2003). Plaintiff's admission to the essential facts of this case, and his guilty plea and conviction, preclude this claim, and judgment should be entered for Defendants. *Antonio v. Moore*, 274 Fed. Appx. 131, 133, 136 (4th Cir. 2006) (affirming dismissal of suggestive identification claim when plaintiff had ultimately pleaded guilty to the robbery; "We agree that, based on Antonio's guilty plea, dismissal was appropriate because the Fourteenth and Sixth Amendments only protect the defendant against the admission of unconfronted and unreliable evidence at trial. . . . In this instance, Antonio pleaded guilty to the underlying robbery charge, thereby foreclosing the possibility that unconfronted or unreliable evidence could be presented at trial.").

   D.   Perjurious Statements

   In Claim Three, Plaintiff claims that the arresting officers made perjurious statements in their post-arrest reports. The Court believes that Plaintiff's guilty plea bars this claim.

> Our next inquiry is whether there is a genuine issue of material fact concerning whether the Officers violated Hawthorne's Fourth Amendment rights by falsely stating in their police report that he had violently resisted and battered them in order justify the arrest and cover up their alleged brutality. The court below determined that this claim of false statements was barred under *Heck* because if Hawthorne were to prevail, this would necessarily imply the invalidity of his underlying convictions. We agree.

*Hawthorne v. Sheriff of Broward County*, 212 Fed. Appx. 943, 947, 2007 WL 5809, *3 (11th Cir.

2007).  *See Rogers v. Adams*, 103 Fed. Appx. 63, 2004 WL 1496841 (8th Cir. July 6, 2004) (same).

Therefore, summary judgment should be granted on this claim (Claim 3).

## CONCLUSION

Accordingly, for the reasons stated above, the Court RECOMMENDS that the Motion for

Summary Judgment for All Defendants [Filed January 19, 2007; Docket #113] be **granted in part**

and **denied in part**.  Specifically, the Court RECOMMENDS that the motion be **denied** solely as

to Claims 1 and 2 against Defendants Abeyta, Ahrens, Bechtold, and Hernandez; and that the motion

be **granted** in all other respects resulting the dismissal of Defendants Bothwell, the Denver Police

Department, and the City and County of Denver.

Dated at Denver, Colorado this 5th day of June, 2007.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

15